(118 So. 694)

No. 28232.

## LEOPOLD WEIL BUILDING & IMPROVE-MENT CO. v. HEIMAN.

Oct. 29, 1928.

Joseph Lautenschlaeger, of New Orleans, for appellant.

Feitel & Feitel and N. H. Polmer, all of New Orleans, for appellee.

ROGERS, J. Plaintiff brought this suit to enforce specific performance of a written agreement to purchase certain real estate situated on Delachaise street in the city of New Orleans. Defendant, in his answer, set up the defense that he was induced to sign the agreement upon the representation of the real estate agent, acting for plaintiff, that the property was occupied by negro tenants and was in a negro neighborhood. There was judgment for defendant, dismissing plaintiff's suit, ordering the cancellation of the contract, and directing the return of the deposit to defendant. From this judgment plaintiff has appealed.

At the time the contract was entered into, Ordinance No. 8037 of the city of New Orleans, providing for the segregation of the residences of white and colored persons, was in force; its validity having been upheld by this court. See Tyler v. Harmon, 158 La. 439, 104 So. 200.

█ The testimony in the record satisfies us that defendant signed the agreement solely upon the representation of plaintiff's agent that the property was located in a negro neighborhood, and that without such representation he would not have entered into the contract. As soon as defendant was informed by a building and loan association, to which he had applied for a loan on the property, that it was in a white neighborhood and not in a negro neighborhood, he notified plaintiff and its agent that he would not take the property because of the misrepresentation of fact. The evidence shows: That the building was filthy, rotten, and dilapidated, but with a small expenditure from time to time for repairs could be maintained in a habitable condition for negro tenants, and would yield a monthly revenue of $75, which would be a desirable return on an investment of $5,000, the agreed purchase price. That if the owner of the property was restricted to white persons in the selection of his tenants, which would be the case in the event the negro tenants then occupying the premises moved out, it would be necessary for him to demolish, or to practi-

cally reconstruct, the building, thereby reducing the property to the naked land worth, approximately $2,500. In these circumstances, we do not find any error in the action of the court below in refusing to hold the defendant bound on the contract herein sued on.

■ Plaintiff argues that since the Supreme Court of the United States has reversed the decision of this court in Harmon v. Tyler, and has declared Ordinance No. 8037 of the city of New Orleans to be violative of the Fourteenth Amendment of the Federal Constitution (273 U. S. 668, 47 S. Ct. 471, 71 L. Ed. 831), the defense herein made falls, and that defendant may rent the premises indefinitely to negro tenants without fear of being considered and treated as a violator of the law. The answer to the argument is, we think, twofold: First, that the neighborhood in question is predominantly a white neighborhood, and defendant's consent to the contract was obtained upon the representation that it was a negro neighborhood; non constat that he would be able to continue the renting of the property to negroes in a white neighborhood. And, secondly, that the obligations of the respective parties must be determined as of the date they were entered into, changes in the conditions caused by subsequent events not being permitted to affect the contract. At the time the agreement was entered into the ordinance of the city of New Orleans was in effect. It was the law, to be respected and obeyed by all persons amenable thereto, until it was declared to be unconstitutional. The contract between the parties was made with reference to the existing state of the law, and the fact that a change therein was brought about by the decision of the Supreme Court of the United States cannot validate the contract nor authorize its enforcement.

For the reasons assigned, the judgment appealed from is affirmed.